# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**VALENTINE O. AKPA**                                               **PLAINTIFF**

**Civil Action No.: 16-CV-672-DPJ-FKB**

**v.**

**CANNONS REGULAR OF PREMONTRE**                   **DEFENDANTS**
**(NORBERTINE FATHERS); JAMES THOMAS**
**BARANIAK; THE ROMAN CATHOLIC CHURCH;**
**UNITED STATES CITIZENSHIP AND IMMIGRATION**
**SERVICES AND JOHN DOES 1-V**

---

## ANSWER AND DEFENSES OF THE PREMONSTRATENSIAN FATHERS

---

The Premonstratensian Fathers, a Wisconsin corporation, a.k.a. Norbertine Fathers and Brothers (hereinafter "Norbertines")[1] hereby submits its answer and defenses to Plaintiff's Complaint:

### FIRST DEFENSE

The Complaint should be dismissed for insufficiency of process, insufficiency of service of process, and lack of *in personam* jurisdiction.

Additionally, or in the alternative, the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE: ANSWER

In responding to the allegations of the Complaint, paragraph by paragraph, Norbertines states:

---

[1] Norbertines is incorrectly identified in the Complaint as "Cannons Regular of Premontre (Norbertine Fathers)."

Norbertines denies all allegations of the unnumbered paragraph contained on the first page of the Complaint, denies that Plaintiff has any viable claim against it, and denies that Plaintiff is entitled to the relief requested in said unnumbered paragraph or to any relief whatsoever from or against Norbertines.

1. Norbertines is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and therefore denies the same.

2. The allegations of Paragraph 2 are denied. The correct name of Norbertines is "The Premonstratensian Fathers, a Wisconsin Corporation, a.k.a. Norbertine Fathers and Brothers."

3. Norbertines is unaware of whether there exists a legal entity known as "The Roman Catholic Church," and is thus without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and therefore denies the same.

4. Norbertines admits that Father Baraniak is a member of Norbertines, but denies all remaining allegations of Paragraph 4.

5. Norbertines admits that the United States Citizenship and Immigration Service is a part of the United States government, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5, and therefore denies the same.

6. Norbertines admits that subject matter jurisdiction is present, but denies that Plaintiff has any claim whatsoever under the laws referenced in Paragraph 6 or otherwise, and denies all remaining allegations of Paragraph 6.

7. The allegations of Paragraph 7 are denied as to personal jurisdiction. Norbertines admits that venue is proper in this Court. All remaining allegations of Paragraph 7 are denied.

8. The allegations of Paragraph 8 and the referenced affidavit are denied.

9. Norbertines admits that it provided information to the United States government in connection with Plaintiff's effort to become affilliated with Norbertines as a Postulant, but denies all remaining allegations of Paragraph 9.

10. Norbertines admits that it provided information to the United States government in connection with Plaintiff's effort to become affiliated with Norbertines as a Postulant at Norbertines' Raymond, Mississippi Ministry, but denies all remaining allegations of Paragraph 10.

11. The allegations of Paragraph 11 are denied.

12. The allegations of Paragraph 12 are denied.

13. The allegations of Paragraph 13 are denied.

14. The allegations of Paragraph 14 are denied.

15. The allegations of Paragraph 15 are denied.

16. Norbertines admits that Plaintiff filed a purported EEOC complaint in or about July 2016, which speaks for itself. Norbertines denies all allegations and purported claims contained in Plaintiff's EEOC complaint, and denies all remaining allegations of Paragraph 16.

17. Norbertines admits that Norbertines and Father Baraniak attended a mediation conference with Plaintiff on August 22, 2016, but denies all remaining allegations of Paragraph 17.

18. The allegations of Paragraph 18 are denied.

With regard to the unnumbered paragraph of the Complaint set forth under the heading "<u>PRAYER FOR RELIEF,</u>" which commences "WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that…," Norbertines denies all allegations contained in said

unnumbered paragraph, and denies that Plaintiff is entitled to the relief requested therein or to any relief whatsoever of and from Norbertines.

All allegations of the Complaint which are not herein specifically admitted are hereby denied.

### THIRD DEFENSE

Additionally, or in the alternative, Plaintiff's claims are barred by the ministerial exemption/exception to the coverage and application of Title VII and/or 42 U.S.C. §1981, 18 U.S.C. §1351, 18 U.S.C. §1584, or any other applicable law; and/or by the Establishment and Free Exercise Clauses of the First Amendment to the United States Constitution.

Additionally, or in the alternative, Plaintiff was not an employee of Norbertines.

### FOURTH DEFENSE

Additionally, or in the alternative, some or all of Plaintiff's claims are barred by Plaintiff's failure to exhaust and/or timely exhaust required administrative prerequisites to this action.

### FIFTH DEFENSE

Additionally, or in the alternative, some or all of Plaintiff's claims are barred by applicable statute(s) of limitations.

### SIXTH DEFENSE

Additionally, or in the alternative, any and all actions undertaken by Norbertines with respect to Plaintiff were undertaken in good faith and solely for legitimate, non-discriminatory and non-retaliatory justification(s). Additionally, or in the alternative, the same actions would have been undertaken in any event and regardless of any alleged and impermissible motive.

Additionally, or in the alternative, Norbertines invokes all remedial limitations under the Civil Rights Act of 1991 (42 U.S.C. §1981a) or otherwise under applicable law.

## SEVENTH DEFENSE

Additionally, or in the alternative, some or all of Plaintiff's claims are barred by Plaintiff's own acts, omissions, or conduct and/or by the acts, omissions, or conduct of third parties for whom Norbertines has no responsibility or liability.

## EIGHTH DEFENSE

Additionally, or in the alternative, some or all of Plaintiff's claims are barred by the doctrines of waiver, laches, estoppel, consent, and unclean hands.

## NINTH DEFENSE

Additionally, or in the alternative, some or all of Plaintiff's claims are barred by Plaintiff's failure to mitigate his alleged damages, if any.

## TENTH DEFENSE

Additionally, or in the alternative, some or all of Plaintiff's claims are barred by the doctrines of release, accord, satisfaction, and set-off.

## ELEVENTH DEFENSE

Additionally or in the alternative, some or all of Plaintiff's claims are barred by the after-acquired evidence doctrine.

## TWELFTH DEFENSE

Norbertines invokes the provisions of Miss. Code Ann. §§85-5-7, 11-1-60, and 11-1-65, as applicable.

## THIRTEENTH DEFENSE

Plaintiff lacks standing to pursue some or all of the claims in the Complaint. Some or all of the claims in the Complaint are moot.

**AND NOW**, having fully answered Plaintiff's Complaint, and having set forth its affirmative defenses, Norbertines respectfully requests that the Plaintiff's Complaint be dismissed with prejudice at the cost of Plaintiff, and that Norbertines be awarded its reasonable attorneys' fees and costs incurred in this action and any and all other or further relief deemed appropriate by the Court.

**RESPECTFULLY SUBMITTED**, this the 16th day of September, 2016.

       **THE PREMONSTRATENSIAN FATHERS, A WISCONSIN CORPORATION**

       **By:**    **/s Walter J. Brand**
       **WALTER J. BRAND, ESQ. (MS BAR NO. 4313)**
       **JOHN B. HOWELL, III (MS BAR NO. 102655)**
       **JAMES M. TYRONE (MS BAR NO. 102381)**
       **WATKINS & EAGER PLLC**
       **THE EMPORIUM BUILDING**
       **400 EAST CAPITOL STREET**
       **JACKSON, MISSISSIPPI 39201**
       **TELEPHONE: (601) 965-1900**
       **FACSIMILE:  (601) 965-1901**

       **COUNSEL FOR THE PREMONSTRATENSIAN FATHERS, A WISCONSIN CORPORATION**

## **CERTIFICATE OF SERVICE**

I, **WALTER J. BRAND**, do hereby certify that I have electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Delano Funches
Funches & Associates
1617 Robinson Street
Jackson, MS 39209

*Attorney for Plaintiff*

**THIS** the 16th day of **September, 2016.**


/s Walter J. Brand